UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CALEB COVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-646-CCS |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 12]. Now before the Court is the Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 13 & 14] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 & 16]. Caleb Cover ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the Plaintiff's motion, and **GRANT** the Commissioner's motion.

**I. PROCEDURAL HISTORY**

On May 6, 2015, the Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-403, claiming a period of disability that began on November 8, 2008. [Tr. 18, 142]. After his application was denied initially and upon

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

reconsideration, the Plaintiff requested a hearing before an ALJ. [Tr. 96]. A hearing was held on May 16, 2016. [Tr. 28-56]. On July 21, 2016, the ALJ found that the Plaintiff was not disabled. [Tr. 18-24]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff filed a Complaint with this Court on November 4, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     ALJ FINDGINS

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2013.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of November 8, 2008 through his date last insured of December 31, 2013 (20 CFR 404.1571 *et seq.*)
>
> 3. Through the date last insured, the claimant had the following combination of severe impairments: affective disorder, anxiety disorder, substance addiction disorder, and organic mental disorder (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) expect he can do work that is limited to simple, routine, and repetitive tasks; performed in a work environment free of fast paced work; involving only simple work-related decisions; with

2

few, if any, work changes; and no interaction with the public, and occasional contact with coworkers and supervisors.

6. Through the date last insured, the claimant was capable of performing past relevant work as a janitor. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from November 8, 2008, the alleged onset date, through December 31, 2013, the date last insured. (20 CFR 404.1520(f)).

[Tr. 20-24].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the

Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is

4

> presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. § 404.1520(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. § 404.1545(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

On appeal, the Plaintiff argues that the ALJ's decision is not supported by substantial evidence for several reasons. First, the Plaintiff submits that the ALJ erred at step two when he failed to find the Plaintiff's diagnosis of Post-Traumatic Stress Disorder ("PTSD") a severe impairment. [Doc. 14 at 9-10]. Second, the Plaintiff contends that the ALJ failed to properly weigh the opinion of Wayne Curfan, M.D., whom the Plaintiff alleges was his treating physician. [*Id.* at 8-9]. The Plaintiff additionally argues that the ALJ did not properly weigh a 100% disability rating received from the Department of Veterans Affairs ("VA"). [*Id.* at 6-7]. Finally, the Plaintiff

maintains that the ALJ did not consider the materiality of the Plaintiff's alcohol abuse upon the disability determination. [*Id.* at 7-8]. The Court will address each alleged error in turn.

    **A.    Step Two**

The Plaintiff submits that the ALJ only briefly mentioned PTSD in his analysis of the medical evidence in the RFC portion of the decision, but failed to address the impairment at step two of the sequential evaluation. [Doc. at 9]. The Plaintiff submits that the record contains evidence, including a VA disability rating, a compensation and pension exam performed by the VA, and other various medical records that suggest the Plaintiff's PTSD should have been found severe under the ALJ's step two determination. [*Id.* at 9-10].

At step two, "the ALJ must find that the claimant has a severe impairment or impairments" to be found disabled. *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88 (6th Cir. 1985). To be severe, an impairment or combination of impairments must "significantly limit[] your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Step two has been described as "a *de minimis* hurdle," *Higgs v. Brown*, 880 F.2d 860, 862 (6th Cir. 1988), and serves to screen out groundless claims, *Farris*, 773 F.2d at 89. It is well settled, however, that the ALJ's failure to identify some impairments as severe is harmless where the ALJ continues the disability determination in accordance with 20 C.F.R. § 404.1545(e) and considers all impairments, both severe and non-severe, at subsequent steps. *See Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) ("And when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'") (quoting *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987)); *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) ("Because the ALJ found that Pompa had a severe impairment at

6

step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence.").

Here, the ALJ found that the Plaintiff's affective disorder, anxiety disorder, substance addiction disorder, and organic mental disorder were severe impairments under the regulations. [Tr. 20]. Although the ALJ did not classify the Plaintiff's PTSD as a severe impairment, the ALJ continued the sequential evaluation and considered the impairment nonetheless. Specifically, the ALJ discussed treatment records that indicated the Plaintiff had a 100% service-connected disability rating for PTSD and was being treated for the impairment but that the medical evidence pertaining to the disability rating as well as the Plaintiff's mental health in general was sparse and did not offer much insight into the Plaintiff's mental health issues. [Tr. 22-23]. Furthermore, the ALJ gave "great weight" to the opinions of two non-treating, non-examining state agency consultants who considered the Plaintiff's diagnosis of PTSD and assessed moderate mental health limitations. [Tr. 23, 60-64, 72-77]; *see Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006) (by crediting a medical source's opinion that considered obesity, the ALJ was found to have sufficiently consider the impairment).

Accordingly, the Court finds that substantial evidence supports the ALJ's step two determination, and the Plaintiff's argument to the contrary is without merit.

      **B.    Wayne Curfan, M.D.**

The Plaintiff maintains that Dr. Curfan, who completed a compensation and pension exam for the VA on April 5, 2014, is the Plaintiff's treating physician, and the opinions expressed during the examination constitute a medical opinion subject to the treating physician rule enumerated in 20 C.F.R. § 404.1527(c). [Doc. 14 at 8-9]. The Plaintiff argues that the ALJ erred when he failed to acknowledge Dr. Curfan's opinion and assign it a specific weight. [*Id.*].

7

As an initial matter, the Court first determines whether Dr. Curfan is a treating source. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) ("The source of the opinion therefore dictates the process by which the Commissioner accords it weight."). A treating source is an "acceptable medical source"—generally, a licensed physician or psychologist—who provides, or has provided, medical treatment or evaluation on an ongoing basis. 20 C.F.R. § 404.1502. To qualify as a treating source, the claimant must be seen by "the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)." *Id.* Even if a claimant has been seen infrequently, a source may nonetheless be considered a "treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s)." *Id.*

In the present matter, the Court finds that Dr. Curfan is not a treating source. The Plaintiff provides no evidence of a treating relationship and only summarily refers to Dr. Curfan as the Plaintiff's treating physician. The record, on the other hand, suggests that Dr. Curfan examined the Plaintiff twice in a three year period, both occasions for the purpose of completing a compensation and pension exam to determine the Plaintiff's eligibility for service-related benefits. [Tr. 444, 649]. Due to the lack of an ongoing treating relationship, the Court finds Dr. Curfan is not a treating source within the meaning of section 404.1502. *See Fitzgerald v. Astrue*, No. 3:10-1222, 2012 WL 6676446, at *12 (M.D. Tenn. Dec. 21, 2012) ("Although Dr. Whited is an acceptable medical source, *see* 20 C.F.R. § 404.1513(a), he is not a treating source because he only examined the plaintiff on one occasion-when he performed a compensation and pension examination on November 13, 2008."), *adopted by*, No. 3:10-CV-01222, 2013 WL 265233 (M.D. Tenn. Jan. 22, 2013).

Having determined that Dr. Curfan is a non-treating source, the Court considers whether

8

Dr. Curfan provided a medical opinion. The Plaintiff cites to the following findings made by Dr. Curfan:

> The effect of the PTSD and depression on his occupational and social functioning would [] still render[] him totally impaired as he has not been able to maintain a job or keep a job more than a few months at a time and has repeatedly failed at attempting to get a job because of his irritability, anger, and proneness to fighting and aggression . . . Even though there has been mild improvement in some of his symptoms, the overall picture is still quite impaired and he would not be able to maintain any type of job for any length of time successfully.

[Tr. 652].

The Court observes that a "medical opinion" is defined as a statement from a physician, psychologist, or other "acceptable medical source," that "reflect judgments about the nature and severity of you impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairments(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). However, statements that a claimant is "disabled" or "unable to work," are not considered medical opinions, and, instead, are findings on issues reserved to the Commissioner. § 404.1527(d)(1). Such statements are not given any special significance. § 404.1527(d)(3). The ALJ need only "explain the consideration given to" the opinion, Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *6 (July 2, 1996), but it "is not entitled to any particular weight," *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010) (citations omitted).

In the instant matter, the Court finds that Dr. Curfan did not express a medical opinion. Dr. Curfan's conclusions that the Plaintiff's impairments render "him totally impaired" and "he would not be able to maintain any type of job for any length of time successfully" are findings that invade the Commissioner's exclusive role in determining disability, and, therefore, were not entitled to any special deference. *See* 20 C.F.R. § 416.927(d)(3). Although the ALJ did not explicitly address

9

Dr. Curfan's findings, the Court finds any error harmless. In discussing the evidence of record, including the Plaintiff's limited mental health treatment and the state agency medical consultants' opinions, as well as the Plaintiff's credibility and daily activities, [Tr. 22-23], the ALJ provided a reasoned and supported bases for concluding that the Plaintiff retained the RFC to perform medium work with additional non-exertional limitations. *See Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 432 (6th Cir. 2016) ("But the ALJ's failure to explicitly consider Dr. Kolinski's opinion was, at most, harmless error because the ALJ indirectly rejected the conclusion that Dutkiewicz was unable to work by reasonably explaining that the majority of medical evidence, the nature of Dutkiewicz's treatment, and the other medical opinions in the record showed that Dutkiewicz had the capacity to perform a limited range of sedentary work."), *cert. denied sub nom.*, 137 S. Ct. 1365 (2017).

Therefore, the Court finds the Plaintiff's assignment of error in this regard not well-taken.

### C. VA Disability Rating

The Plaintiff complains that the ALJ failed to adequately consider the Plaintiff's disability rating received from the VA. [Doc. 14 at 6-7]. On July 6, 2015, the Plaintiff, who served in the Army from October 2004 through March 2005, and from May 2006 through November 2008, received a 100% disability rating, effective September 2, 2010, due to PTSD. [Tr. 166-70].

While observing that the Plaintiff has a 100% service-related disability rating for PTSD, the ALJ noted that the Plaintiff's "medical evidence of record does not contain a great deal of information relating to such complaints." [Tr. 22]. The ALJ noted the Plaintiff consistently received Global Assessment of Functioning ("GAF") scores of 50, which was one point away from

10

indicating that the Plaintiff experienced moderate symptoms.[2] [*Id.*]. In addition, the ALJ observed that the majority of medical records "related to checkups for various physical aches and pain, without a consistent thread of concomitant complaints relating to mental health issues." [*Id.*]. The ALJ then discussed several treatment notes from September 2009 and September 2015, indicating that the Plaintiff was diagnosed with and treated for PTSD, he drank alcohol for relief of his symptoms, he had trouble sleeping, he expressed feelings of hopelessness, helplessness, and worthlessness, and he was involved in a bar fight. [*Id.*]. While an October 2015 treatment note reported that the Plaintiff "continues to struggle" with problems associated with PTSD, the ALJ observed that no further emphasis was noted relating to his mental health condition. [Tr. 23]. Finally, a treatment note from April 2016 indicated that the Plaintiff was "doing well with his current medication," he was less stressed since he was not attending the spring semester of school, and he had been drinking "a little bit more" beer per week. [*Id.*]. The Plaintiff reported passing suicidal thoughts but that he "has learned that those thoughts go away, especially if he is active and socially involved, i.e., with his wife." [*Id.*].

The ALJ concluded that despite the hundreds of pages of VA records, there was relatively limited medical evidence relating to the Plaintiff's mental health complaints, and, therefore, little evidence to support his claim for disability. [*Id.*]. The ALJ observed that most of the treatment records merely offered a diagnosis and indicated a GAF score of 50. [*Id.*]. The ALJ therefore concluded that the medical evidence was disproportionate to the functional limitations alleged by the Plaintiff. [*Id.*].

---

[2] A GAF score between 41 and 50 indicates serious symptoms while a score of 51 to 60 indicates moderate symptoms. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34, 4th ed. (revised) 2000.

While evidence of an impairment may include "[d]ecisions by any governmental or nongovernmental agency about whether [an individual is] disabled," 20 C.F.R. § 404.1512(b)(1)(v), another agency's decision is not determinative of disability under the Social Security Act, § 404.1504. The regulations explain that another agency's decision is based on its own rules, whereas a disability claim filed pursuant to the Social Security Act is assessed by social security law. *Id.*; *see* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *6 ("[B]ecause other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency."). Much like any piece of evidence within the case record, "[e]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *6.

Notably, the Sixth Circuit Court of Appeals has "not specified the weight such a determination should carry when determining social security disability eligibility." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) (citation omitted). Our appellate court has instructed, instead, that a VA disability rating "is entitled to consideration" but "is only one factor to be considered in making a social security disability finding." *Id.* at 510-11. "Regardless of the weight afforded, an ALJ 'should explain the consideration given to these decisions in the notice of decision.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 388 (6th Cir. Dec. 13, 2013) (quoting Soc. Sec. Rul. 06-03p 2006 WL 2329939 at *6). "Thus, as long as the ALJ considers the disability rating and explains her consideration of the rating, the ALJ has fulfilled her duty." *Golden v. Colvin*, No. 3:14-CV-492-PLR-HBG, 2015 WL 8917876, at *5 (E.D. Tenn. Nov. 23, 2015), *adopted by*, No. 3:14-CV-492-PLR-HBG, 2015 WL 8967978, at *1 (E.D. Tenn. Dec. 15, 2015).

12

Here, the Court finds that the ALJ properly considered the Plaintiff's disability rating. The ALJ acknowledged that the Plaintiff received a 100% service-connected disability rating for PTSD, but, as discussed above, the ALJ explained in detail that the medical evidence of record, which included very few treatment records pertaining to the Plaintiff's mental health beyond diagnoses and recordings of GAF scores, simply did not support a finding that the Plaintiff's PTSD or other impairments rendered him disabled or as limited as the Plaintiff alleged. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. Feb. 3, 2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain."). Because the ALJ considered the Plaintiff's disability rating and explained his consideration of the rating, substantial evidence supports the ALJ's decision. *See Golden*, 2015 WL 8917876, at *5.

The Plaintiff argues that "various Circuit Courts have said that the Social Security Administration must give [disability ratings] at least evidentiary weight," and cites caselaw from the Fourth, Fifth, Ninth, and Eleventh Circuit Courts who have held VA disability ratings are entitled to "great weight." [Doc. 14 at 7]. The Plaintiff's argument is not well-taken. First, the Sixth Circuit Court of Appeals in *Richie* and *LaRiccia* has declined to endorse a specific evidentiary value for VA disability ratings. Instead, a disability rating from the VA "is only one factor to be considered" among the evidence, and the ALJ need only "explain the consideration given to" the rating. *See Ritchie*, 540 F. App'x at 510-11; *LaRiccia*, 549 F. App'x at 388. Until our Appellate Court decides differently, this Court declines to follow non-binding precedent set by other circuit courts.

Second, the Court observes that Plaintiff's counsel has previously argued in other cases

13

before this Court, indeed has used verbatim the language presented in his instant brief, that VA disability ratings are entitled to some evidentiary weight. *See Griffith v. Colvin*, No. 3:15-CV-562-TAV-CCS, 2016 WL 7638139, at *3 (E.D. Tenn. Dec. 16, 2016) ("[The Plaintiff] submits that other circuit courts have concluded that VA disability ratings are entitled to evidentiary weight. In particular, the Plaintiff cites case law from the Fourth, Fifth, Ninth, and Eleventh Circuit Courts, all of whom have held that VA disability ratings are entitled to 'great weight.'"), *adopted by*, No. 3:15-CV-562-TAV-CCS, 2017 WL 52607 (E.D. Tenn. Jan. 4, 2017); *Lawson v. Colvin*, No. 3:15-CV-119-PLR-CCS, 2015 WL 9942593, at *4 (E.D. Tenn. Dec. 30, 2015) ("The Plaintiff argues that 'various Circuit Courts have said that the Social Security Administration must give [VA disability ratings] at least evidentiary weight." . . . The Plaintiff continues by citing to the Fourth, Fifth, Ninth, and Eleventh Circuit Courts of Appeal who have all held that a veteran's disability rating is entitled to 'great weight.'"), *adopted by*, No. 3:15-CV-119-PLR-CCS, 2016 WL 347679 (E.D. Tenn. Jan. 28, 2016). In *Griffith* and *Lawson*, this Court overruled plaintiffs' argument for the same reasons enumerated in the Court's decision today. *See Griffith*, 2016 WL 7638139, at *3 ("While other circuit courts have endorsed a specific evidentiary value for disability decisions rendered by the VA, the law in this Circuit is that a VA disability rating 'is entitled to consideration' but is not entitled to any particular weight") (quoting *Ritchie*, 540 F. App'x at 510-11); *Lawson*, 2015 WL 9942593, at *4 (relying on *Ritchie* and *LaRiccia*, the Court "declines to agree with other circuit courts that have ruled that the disability rating, alone, is entitled to 'great weight.' Rather, our appellate court has instructed that ALJs must consider the VA's decision and then explain the consideration given to the decision."); *see also Kalakauskis v. Colvin*, No. 3:15-CV-380-HBG, 2016 WL 2745828, at *8 (E.D. Tenn. May 11, 2016) (likewise declining to place an evidentiary value on VA disability ratings and concluding that the weight a disability rating

carries will depend on the facts of that particular case); *Golden*, 2015 WL 8917876 at *5 (observing that Sixth Circuit case law recognizes VA disability ratings as only one factor to be considered among the evidence and holding that "as long as the ALJ considers the disability rating and explains her consideration of the rating, the ALJ has fulfilled her duty"). Accordingly, the Court finds the Plaintiff's position unpersuasive and without merit.

D.    **Impact of the Plaintiff's Alcohol Abuse**

Finally, the Plaintiff contends that while "[t]he ALJ mentions the Plaintiff's alcohol abuse throughout the decision, [the ALJ] failed to analyze its materiality." [Doc. 14 at 7]. The Plaintiff relies on 20 C.F.R. § 404.1535(a) for the proposition that the ALJ was required to determine whether alcoholism impacted the disability determination. [*Id.* at 7-8].

The Court finds the Plaintiff misinterprets section 404.1535(a), and therefore his reliance upon the regulation is misplaced. In pertinent part, section 404.1535(a) explains, "*If* we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." (emphasis added). In other words, "[s]ubstance abuse is not considered until the Commissioner first makes a finding that a claimant is disabled." *Gayheart*, 710 F.3d at 380 (citing *id.*).

Here, although the ALJ found that the Plaintiff's substance addiction disorder was a severe impairment and discussed treatment records pertaining to this impairment, the ALJ ultimately concluded that the Plaintiff was not disabled. Therefore, the Court finds section 404.1535(a) inapplicable to the instant case. *See Lawson*, 2015 WL 9942593 at *6 (rejecting the plaintiff's identical argument and holding that "because the ALJ ultimately concluded that the Plaintiff was not disabled, the ALJ was under no obligation to discuss whether the Plaintiff's alcohol abuse is a

15

'contributing factor material to the determination of disability' pursuant to 20 C.F.R. § 404.1535").

## VI.     CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 13**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 15**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge